## DALLAS TRUST & SAVINGS BANK V. MILLARD STORY.

### Decided April 3, 1909.

**1.—Interest—Contract—Loan—Commissions.**

Where a bank negotiated a loan for which the borrower agreed to pay interest at the rate of 8 percent, and executed a series of notes for the principal with interest at 6 percent, and a second series representing 2 percent of the principal, each series being secured by a separate mortgage, the money in fact being that of a third party who was made payee and mortgagee, the facts that the second series on their face stated that they were given for a part of the interest on the loan, and that the borrower did not know that the loan was being made for some one else, and his testimony that the contract was made with the bank, the rate of interest to be eight percent, and that when drawing up the papers he objected to the form, but was told that such was the bank's form and the way they loaned all their money, authorized a finding that the second series was for interest and not commissions due the bank, though it was the custom of the bank in like transactions to take a second mortgage to cover pay for services, expense, and commissions to agents through whom the business comes, and this prompted the form of the contract.

**2.—Same—Case Followed.**

Where the mortgage to secure the payment of notes covered property upon which the improvements were insured against fire in favor of the lender as his interest appeared, and provided that the legal holder of the notes should have the right to apply the money collected from the insurance in payment of the debt secured whether due or not, and after the improvements were destroyed by fire the holder collected a certain sum as insurance and applied it to the extinguishment of the principal debt, no greater amount of interest was

collectible than had accrued at the date of the collection of the insurance. Dugan v. Lewis, 79 Texas, 246, followed.

Appeal from the County Court of Dallas County at Law. Tried below before Hon. W. M. Holland.

*Cockrell & Gray*, for appellants.

*R. C. Porter*, for appellee.

RAINEY, CHIEF JUSTICE.—On November 23, 1905, the appellee borrowed from appellant the sum of $3,500, for which he agreed to pay eight percent interest per annum. Five promissory notes were executed by appellee and made payable to the order of H. A. Kahler, four of which were for $300 each, and the other for $2,300. Said notes falling due December 1, 1906, December 1, 1907, December 1, 1908, December 1, 1909, and December 1, 1910, respectively, bearing six percent interest per annum, payable semi-annually. At the same time appellee executed to appellant ten notes differing in amounts for the balance, two percent, of the interest not included in the five notes above mentioned, which were payable semi-annually on the dates as specified in first notes.

A first and second mortgage on real estate situated in the town of Mexia, Texas, were executed to secure the payment of said notes. The first mortgage to secure the payment of the first five notes, and the second to secure the other ten notes. The improvements on said property were insured against fire, the policy made payable to H. A. Kahler or to the legal holder of said notes, as their interest might appear. The first mortgage provided that in case said improvements were destroyed by fire "The said H. A. Kahler or other legal holder of said bond shall have the right to apply the moneys collected from the insurance in payment of the debt secured, whether due or not." It was further provided that if default was made in the payment of taxes, premiums of insurance or charges of any kind, at the option of the holder "the moneys due on said bond and for advances as aforesaid may be collected by a sale under this mortgage or by suits in the courts of Dallas County, or otherwise, as H. A. Kahler or other legal holder of said bond may elect." The second mortgage provides among other things: "If default shall be made in the payment of the above-described notes for $291.55, or of the notes or bonds secured by the first mortgage aforesaid, or if default should be made in the compliance of any of the terms or conditions of said first mortgage, which are hereby adopted and made a part of this instrument, then the whole sum hereby secured shall become due and payable at the election of the holder hereof."

In the early part of 1907 the improvements on said property were destroyed by fire, and on April 10, 1907, appellant collected $3,500 on the insurance policy and appropriated said insurance to said debt. At this date appellee had paid the notes that had fallen due and he was owing a balance of $3,200, not including future interest. The holder of the first series of notes not then paid agreed to accept payment if

interest was paid up to June 1, 1907, that being the next interest-paying period, and cancel the notes. The appellant, the holder of the ten notes given for the two percent interest, demanded a greater sum than said notes would amount to on April 10, 1907, claiming that the two percent for which said ten notes were given represented the commissions it was to receive for negotiating the loan. Appellant offered to compromise by making some reduction of the amount that it claimed to be due, but appellee refused to settle on that basis and brought suit for $207.57, with six percent interest per annum thereon from April 10, 1907, claiming that much as wrongfully withheld from him by appellant out of the insurance collected. The lower court gave appellee judgment for $180.85, which was the amount held by appellant after allowing the principal of the money borrowed and interest thereon at eight percent up to June 1, 1907.

The contention of appellant that the ten notes were given for its commissions in negotiating the loan, and therefore it was entitled to retain the full amount of their face value, does not necessarily follow from the evidence. If the contract had been that appellant was to receive said amount as its commissions for negotiating the loan, then we think it would be entitled to retain said amount, but under the evidence the court was authorized in concluding that such was not the contract entered into. It is true Mr. Bregg, vice-president of the bank, testified in substance that the bank in like transactions took a second mortgage to cover pay for services, attorney's fees, and expenses of examining the property, and to pay commissions to the correspondent or agent through whom the business comes, etc. This was doubtless Mr. Bregg's conception of the contract and prompted the drawing of the contract in the form it was. But there seems to be no evidence that appellee knew at the time of making the contract that the loan was being made for some one else, and that said ten notes were executed for the bank's commissions. On the other hand, appellee testifies in substance that the contract for the loan of the money was made with the bank, the rate of interest to be eight percent per annum, and when drawing up the paper he objected to signing the papers in the form as drawn up, but they told him it was their form and the way they loaned all their money. That at the time he was not informed that other parties were interested in the loan, and having contracted for the money, he signed in accordance with their request. That Mr. Bregg told him after the fire that the ten notes were the bank's commissions. The notes on their face specify they were given for a part of the interest on said loan, and until after the fire said notes were treated as part of the interest.

The conclusion, under the facts, being authorized that said ten notes were given for part of the interest, then did the bank have the right to retain the amount thereof then not due out of the insurance money collected by it? The fire insurance policy covering the mortgaged property which was burned, and enough thereof being collected and applied to the extinguishment of the principal of the debt as per the terms of the mortgage, no greater amount of interest was collectible than had accrued at the date of the collection of said insurance. (Dugan v. Lewis, 79 Texas, 246.)

The court allowed the appellant interest up to June 1, 1907, which was in excess of the amount it was entitled to, but of this there is no complaint.   The judgment is affirmed.

*Affirmed.*