## CALDWELL v. SPEAR. (No. 2874.)

(Court of Civil Appeals of Texas, Texarkana. Feb. 15, 1924. Rehearing Denied March 6, 1924.)

Pledges ☞44—Pledgor held not entitled to compel pledgee to apply proceeds of insurance policy to payment of debt before maturity.

The maker of a note secured by pledge of vendor's lien notes payable to him cannot compel pledgee to apply the proceeds of fire insurance on the property for which vendor's lien notes were given to pledgor, to payment of pledgor's note before maturity, so as to prevent accumulation of future interest.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Action by William Spear against D. K. Caldwell. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Castle & Smith, of Tyler, for appellant.
Gentry & Gentry, of Tyler, for appellee.

HODGES, J. The appellee, Spear, sued the appellant, Caldwell, to recover a balance of $500 alleged to be due upon the proceeds of a fire insurance policy which had been collected by Caldwell. The following is the substance of the facts found by the court in a trial without a jury:

On November 10, 1921, Spear executed and delivered to Caldwell his note for the sum of $3,000 bearing interest at the rate of 10 per cent. per annum from date till paid, interest payable annually. The note matured in three annual installments of $1,000 each, beginning January 1, 1923. The note also contained a provision that the failure to pay any one installment at maturity, or any interest when due, should authorize the holder to declare the entire debt due. In order to secure the payment of that note Spear transferred and assigned to Caldwell five vendor's lien notes of $1,000, each, executed by W. P. Ulmer and payable to Spear or order. The first of those notes matured January 1, 1923, and one of the others annually thereafter. Ulmer held a fire insurance policy for the sum of $4,000 on the dwelling situated on the property purchased from Spear, which was payable to Spear and Caldwell as their interests might appear. In December, 1922, the building was destroyed by fire, and Spear indorsed the voucher for the sum of $3,921.71 due upon the policy and delivered it to Caldwell for collection. In March following Caldwell collected that sum, and after paying a premium due and some other expenses, amounting in all to $52.31, he applied a part of the remainder to payment of the first installment of $1,000 then due upon Spear's note, and the accrued interest. He placed the remainder as a special deposit in the bank, in trust for the payment of the balance of Spear's note as it became due, subject, however, to his (Caldwell's) checks. Spear then demanded that Caldwell apply the proceeds of the insurance policy to the extinguishment of the entire debt and the interest which had accrued up to that time, and deliver the remainder to him, Spear. This Caldwell declined to do, and this suit followed. The court found that had this application been made a balance would have remained amounting to $451.20, for which a judgment was rendered.

The question is, Could Caldwell be compelled to apply the proceeds of the insurance policy to the payment of Spear's unmatured debt and thus prevent the accumulation of interest in the future? The judgment of the court in effect holds that Spear had that right. This, we think, was error. The proceeds of the insurance policy simply took the place of the policy as it existed before the fire, as collateral security only, not as a payment of the debt which Spear owed to Caldwell. Presumably Caldwell loaned Spear the money, or extended him credit, as an investment and for the interest which the investment yielded. Caldwell could not be compelled to accept payment of the debt before maturity and lose the benefits of his contract. The following authorities support that conclusion: Farm Inv. Co. v. Wyoming College & Normal School, 10 Wyo. 240, 68 Pac. 569; Dallas Trust & Sav. Bank v. Story, 55 Tex. Civ. App. 84, 118 S. W. 781.

The judgment of the county court will therefore be reversed and judgment here rendered that the plaintiff take nothing by his suit, but without prejudice to his right to recover whatever balance may be due when the debt matures and is satisfied out of the money collected on the insurance policy.